WM. PRYOR et al., Respondents, v. MATHIAS CRUM, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 5, 1910. Opinion Filed January 18, 1910.

1. WORK AND LABOR: Action for Labor Performed: Instructions. In an action to recover for different items of labor performed upon defendant's farm, an instruction that if the jury found plaintiffs rendered the services sued for or any part of it at defendant's request then "the law presumes such service so requested by defendant is to be paid for, and the law implies a promise on the part of defendant to pay for the same," and, unless they found plaintiffs agreed not to charge for such service, they were to find for plaintiffs for each item of service so rendered, unless they further believed such items were included in a final settlement between the parties, was not erroneous because of the use of the quoted portion, but was a correct statement of the law.

2. APPELLATE PRACTICE: Weight of Evidence: Jury's Finding Conclusive. The weight to be given to the testimony and the right to draw proper conclusions therefrom are for the jury; and their finding, when confirmed by the trial judge, is conclusive on appeal.

3. PLEADING: Defense: Premature Action: Appellate Practice. A defense that a suit was prematurely begun must be pleaded to be available, and if not pleaded in the answer or otherwise, it will not be noticed on appeal.

4. ———: Motion to Elect: Answering Over: Waiver. Where defendant, after his motion to require plaintiffs to elect had been overruled, answered over and went to trial on the merits, his action amounted to an abandonment of the motion.

Appeal from Audrain Circuit Court.—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*P. H. Cullen* and *F. R. Jesse* for appellant.

(1) The petition declares upon a contract made with a partnership in 1906. The contract which the evi-

dence tends to prove was the sole agreement of one of the plaintiffs and the plaintiff therefore failed to prove the cause of action alleged. Lumber Co. v. Railroad, 180 Mo. 420; Myers v. Railroad, 120 Mo. App. 292. (2) The cause of action under the contract for the year 1906, affects one of the plaintiffs only, but the 1907 contract gives a joint cause of action to both plaintiffs; and a recovery under both contracts in one action cannot be sustained. R. S. 1899, sec. 593; Liney v. Martin, 29 Mo. 28; Doan v. Holly, 25 Mo. 357; Stalcup v. Garner, 26 Mo. 72; Mfg. Co. v. Gerardi, 166 Mo. 142; Wilkinson v. Goodin, 71 Mo. 394. (3) The defendant having put the fact of partnership in issue by affidavit filed with the pleadings in the cause, the burden was upon plaintiffs to prove the fact of partnership. R. S. 1899, sec. 746; Donk Bros Co. v. Aronson, 102 Mo. App. 590. (4) As a bar to plaintiffs' cause of action defendant set up in his answer a plea of settlement in full. The plaintiff replied by general denial. Under the issue thus made the settlement could not be set aside, or disregarded, but when proved it constituted an effectual bar to plaintiffs' right of recovery for the 1906 items. Brewing Co. v. Berney, 90 Mo. App. 96; Wonderly v. Christian, 91 Mo. App. 158; McKeen v. Bank, 74 Mo. App. 290; Home v. Ins. Co., 49 Neb. 152, 68 N. W. 400; Colwell v. Caperton, 27 West Va. 397; Bailey v. Wood, 69 S. W. 1103. (5) The undisputed testimony proved that after the 1906 accounts fell due several complete settlements between the plaintiffs and the defendant were made and the 1906 items settled. The court therefore erred in not instructing the jury to find for defendant as to said items. Kinman v. Cannefax, 34 Mo. 147; Perry v. Roberts, 17 Mo. 36; Deuser v. Walkup, 43 Mo. App. 625; Lake v. Tysen, 6 N. Y. 461; Kennedy v. Williamson, 50 N. C. 284; Bull v. Harris, 31 Ill. 487; Tank v. Rohweder, 98 Iowa 154, 67. N. W. 106; Straugher v. Mohler, 80 Ill. 21. (6) The proof showed that mutual accounts existed between plaintiffs and the defendant, and on vari-

ous settlements the plaintiffs paid the defendant money, or gave him their notes; and this raises a presumption that all matters were settled, and there is no testimony in this case tending to overthrow that legal presumption. Lindsey v. Moore, 101 Iowa 592, 70 N. W. 695; Wagner v. Ladd, 38 Neb. 161, 56 N. W. 891; Colwell v. Caperton, 27 W. Va. 397; Smathers v. Shook, 90 N. C. 484; Mfg. Co. v. Yorkston, 10 Misc. 780, 32 N. Y. Supp. 263; Wright v. Wright, 56 N. Y. St. 305, 25 N. Y. Supp. 238. (7) The party asserting that a certain claim of anterior date was not included in a settlement of accounts had between the parties has the burden of proving the fact; and the court erred in refusing to so instruct the jury. Perry v. Roberts, 17 Mo. 36; Wagner v. Ladd, 38 Neb. 161, 56 N. W. 891; Van Buren v. Wells, 19 Wend. (N. Y.) 203; Sewell v. Mead, 85 Iowa 343, 52 N. W. 227; Tank v. Rohweder, 98 Iowa 154, 67 N. W. 106; Hencrick v. Bannister, 12 La. Ann. 373; Blake v. Krom, 36 N. Y. St. 83, 13 N. Y. Supp. 335; Bailey v. Wood, 24 Ky. L. Rep. 801, 69 S. W. 1103; McElhany v. People, 1 Ill. App. 550; McDonald v. Piper, 193 Pa. St. 312, 44 Atl. 455. (8) By the plaintiffs' own showing the 1906 account had, by mutual consent, been credited upon other obligations owing by plaintiffs; and the fact that defendant afterwards asserted that he would not allow the credits did not give plaintiffs a right to institute suit upon them as open accounts at the time this suit was instituted, which was long before the obligations upon which said accounts were to be credited fell due, and while said obligations were unpaid. Wharton & Co. v. Winch, 140 N. Y. 287, 35 N. E. 589; McCready v. Lindenbom, 172 N. Y. 400, 55 N. E. 208; Pinckett v. Annuity Assn., 134 Mo. App. 501, 114 S. W. 1039; Moore v. Taylor, 42 Hum. 45. (9) The plaintiff having testified that it was agreed that the 1906 accounts were to be credited on other indebtedness, the court erred in excluding testimony offered by defendant, that other ob-

ligations existed, the amount of them, when due, and that said obligations had never been paid. As explanatory of and supplementary to the testimony of plaintiffs such testimony was material and relevant, and proved the existence of the subject-matter concerning which the contract was made. Ency. of Ev., pp. 191-4 and authorities cited. (10) There was evidence tending to show that the services sued for were not to be paid for; and it was therefore improper to instruct that there was a legal presumption that the services were to be paid for. Haycraft v. Grigsby, 88 Mo. App. 362; Oliver v. Love, 104 Mo. App. 79; Martin v. Heidorn, 135 Mo. 617; Berr v. Kansas City, 105 Mo. 558. (11) The court erred in refusing the instruction directing the jury to find for the defendant if plaintiffs agreed to allow the account sued for credited on the rent for the year 1907, and in modifying the instruction. See authorities, point 8, supra. (12) The third instruction given for plaintiffs was erroneous because it permitted a recovery without proof of partnership, and allowed the plaintiffs to recover upon a contract made with one of the parties, when the suit is brought upon a contract made with both of them. See authorities, points 1 and 2, supra. (13) The court erred in modifying defendant's instruction on his "fourth" counterclaim, and by such modification the jury were directed to find against defendant, unless the six acre tract of land was completely enclosed by a fence. Under his instruction as modified defendant was denied a recovery, even though plaintiffs did tear away his fence without his consent, provided the fence so torn away did not completely enclose the said six acre tract. (14) A motion to elect filed by defendant and refused by the court should have been sustained, because after the evidence was heard it clearly appeared that two separate and independent causes of action were stated in the same count. Otis v. Bank, 35 Mo. 128;

Christal v. Craig, 80 Mo. 367; Childs v. Railroad, 107 Mo. 414.

*Robertson & Robertson* for respondents.

STATEMENT.—By petition filed in this case in the circuit court of Audrain county, plaintiffs aver that in the years 1906-1907 they were engaged as partners in farming and doing certain work on two farms rented from defendant, the renting or leasing for 1906 being in the name of William alone, that for 1907 in the names of both. The work on the leased premises in both years, however, is alleged to have been done by the two brothers as equal partners. Attached to the petition is the account which is for ordinary work on a farm, such as plowing, harrowing, setting out trees, sowing seed, hauling lumber, rock, sand and posts, rebuilding sheds and barn, etc. The amount of labor claimed to have been done in 1906 is set out to be worth $82.75, that done in 1907, $64.83, making a total of $147.58.

The amended answer on which the case was tried was duly verified and denied the partnership, denied that the work done in 1906 was done by plaintiffs as partners, and states that if there was anything due for the work done that year it was due to William Pryor alone. "Wherefore," says this count of the answer, "defendant states there is a misjoinder of parties plaintiff." The second defense avers the leasing of the farm to William Pryor for a term beginning March 1, 1906, and ending March 1, 1907; that as part of the consideration for the lease William Pryor agreed to do certain work and that there was a complete settlement of all matters between William Pryor and defendant under that lease. The answer then admits that plaintiffs were partners, engaged in farming during the year 1907 and that in February, 1907, defendant leased to the plaintiffs two farms consisting of 250 acres, for a term

of one year beginning March 1, 1907, and ending March 1, 1908; that as part consideration of said lease, plaintiffs agreed to prepare a small tract of land for an orchard and assist in setting out trees and to cultivate and care for and protect the same and also without charge to do all necessary hauling of lumber, posts, etc., and build all necessary inside fencing and necessary outside fencing, for which outside fencing plaintiffs were to receive 12 1-2 cents per rod and admits that plaintiffs during 1907 did perform labor upon the lands and did hauling thereon. Defendant avers that he has no knowledge or information sufficient whereof to form a belief as to what part of the labor performed or hauling was done under or by reason of the terms of the contract of lease made with plaintiffs for the year 1907, and has no knowledge or information as to whether plaintiffs furnished any seed oats and demands proof. Defendant then sets up four counterclaims or set-offs. First, that plaintiffs agreed to pay cash as rent for the grass land on the two farms, and to cultivate the remainder in corn and oats, for which parts so cultivated they agreed to pay, as rent, one-half of all the corn and two-fifths of all the oats raised during the year, and it is averred that plaintiffs failed and refused to cultivate all of said lands which were not in grass but allowed about 8 acres thereof to remain idle and unproductive; that the reasonable value of the eight acres for that year is $25, for which defendant asks judgment. As a second counterclaim defendant demands judgment for the value of 13 bushels of seed grass furnished on the farm in 1907, claimed to be worth $13. As a third counterclaim defendant avers that plaintiffs are indebted to him in the sum of $6 for hauling two loads of wheat and he asks judgment for that. The fourth counterclaim charges that during the year 1907, while plaintiffs were in possession of the farm, they, without consent of defendant, tore away and removed from the premises about 40 rods of woven

wire fencing which inclosed 6 acres of new meadow and exposed the meadow to their stock, which they allowed to graze thereon to the damage of defendant in the sum of $18, and for which he also asks judgment.

The reply was a general denial.

The testimony in the case was directed to these issues, and it may be said of it, without going into a recital of it, that there was ample evidence to sustain the verdict at which the jury arrived.

At the instance of plaintiffs the court gave three instructions. The first, in substance, told the jury that if they found from the evidence in the case that the plaintiffs rendered the service sued for, or any part of it, at the request of defendant, then the law presumes that such service so requested by defendant is to be paid for, and the law implies a promise on the part of the defendant to pay for the same, and unless the jury find that the plaintiffs agreed not to charge for such service, then they will find for the plaintiffs for each item of service so rendered, for the fair and reasonable value thereof as shown by the evidence. To which was added: "Unless you further believe from the evidence that such items were included in a final settlement made between plaintiffs and defendant." The second instruction told the jury, in substance, that if they found from the evidence that the defendant requested the service or any part of it charged for by plaintiffs and promised to pay for the same, the jury should find for plaintiffs for each item so charged, unless they further found that such item or items were included in a final settlement made between plaintiffs and defendant. The third instruction told the jury that it was wholly immaterial in this case whether the farm was rented for the year 1906 to William Pryor alone or to him and his brother, Curtis Pryor, provided the jury found from the evidence that the services were rendered by both plaintiffs jointly with the knowledge of defendant. Defendant duly excepted to the giving of these instructions.

At the request of the defendant the court in a lengthy instruction set out the claim of plaintiffs, as that claim is itemized in the account filed, and totalling $82.75 for work and labor, etc., in 1906, and $64.83, for work and labor done in 1907. The instruction then tells the jury that defendant admits plaintiffs were entitled to recover for certain items in the account, amounting to $35.58, and the jury are instructed to allow plaintiffs the sum of said items so admitted by the defendant. It then told the jury that defendant denies that he is liable to pay for the work and labor which plaintiffs alleged they performed in the year 1906 and that defendant pleads that under the rental agreement between them the plaintiffs agreed to perform such labor as a part of the rent which they were to pay for the use of the barn on one of the farms, and if the jury believed from the evidence that such was the contract and agreement between plaintiffs and defendant they could not allow anything to plaintiffs on account of any work and labor performed during the year 1906. The instruction taking up several items in detail states the facts which must be found to entitle plaintiffs to recover for them and tells the jury that in determining the case they should first ascertain the amount which they believed from the testimony under the instructions plaintiffs were entitled to recover and it would then be their duty to take up and determine the counterclaims or off-sets filed by defendant. It informs the jury that there are four separate and distinct counterclaims or off-sets and instructs the jury as to the first, second and third counterclaims. In giving the part of the instruction relating to the fourth counterclaim, the court added to it that they might give a verdict for the value of the grass consumed by plaintiffs' stock, "provided you further believe from the evidence that said fence, in connection with other fences completely inclosed said six-acre tract." These words last quoted were added by the court. The defendant also asked the court to in-

struct the jury that as to all the items claimed for the year 1906, defendant pleads a settlement and that if the jury believed there had been a settlement and adjustment of those matters, plaintiffs could not recover as to the 1906 items, to which the court added, "but before you can find that there was a settlement between plaintiffs and defendant, which would prevent a recovery on the ground of settlement alone, you must find from the evidence that both plaintiffs and defendant understood that the transaction was a full and complete settlement of all accounts and charges between them." Exception was duly saved to the modification of these two instructions. Defendant further asked an instruction to the effect that although the jury might believe that defendant agreed to pay for the work done in 1906, yet if they believed from the evidence that sometime in the early part of 1907, defendant asked the plaintiff to allow such amount to be credited on the rent for the year 1907, and plaintiffs agreed to do so, then the jury are instructed that plaintiffs cannot recover for the work of the year 1906 in this action, to which the court added, "unless you further believe from the evidence that afterwards defendant repudiated such agreement and denied any and all indebtedness to plaintiffs on account of such work." The abstract, as to this last instruction, notes that it is refused in its original form, "given as amended, permitted to be withdrawn by defendant in its amended form." The only exception to the refusal of instructions is at the end of all the instructions and is as follows: "To which action of the court in refusing said instructions defendant then and there excepted and saved his exceptions at the time."

It appears from the abstract of the record that defendant moved the court to require plaintiffs to elect upon which count they would stand. Apparently no action was taken on this motion, at least none is preserved in the record, and no exception is saved to any action on it, if had, unless it may be said to have been

preserved in the motion for new trial, where one of the grounds set up is that plaintiffs improperly united two separate, independent and distinct causes of action in one count and that the court erred in failing to make plaintiffs elect.

At the conclusion of the trial and after the giving of the instructions the jury returned a verdict in favor of plaintiffs for $147.58 and for the defendant on its first and second counterclaim in the sum of $15.79, finding in favor of plaintiffs on the defendant's third and fourth counterclaims. Whereupon judgment was entered for plaintiffs for $131.88 with interest and costs. Defendant in due time filed his motion for new trial which was overruled, exceptions saved, appeal prayed for, which defendant has duly prosecuted to this court.

REYNOLDS, P. J. (after stating the facts).— There are no points of law arising on this record requiring any very serious consideration. It is strenuously and ably argued by the very learned counsel for the defendant, that the first instruction given at the instance of the plaintiff was erroneous in that it told the jury that if they found from the evidence in the case that plaintiffs rendered the services sued for at the request of defendant, "the law presumes such service so requested by defendant is to be paid for and the law implies a promise on the part of the defendant to pay for the same." If this instruction had stopped at that, it might be subject to the objection made to it, but it is followed with the further statement that the jury should so find, unless the jury found that the plaintiffs agreed not to charge for the service, and if they found that as a fact then they should find for the plaintiffs for each item of service so rendered for the fair and reasonable value thereof as shown by the evidence, unless the jury further believed from the evidence that the items were included in the final settle-

ment.  This is a correct statement of the law and could not possibly have misled the jury, particularly so in connection with the instructions given at the instance of defendant himself, which unmistakably left it to the jury to determine whether or not the services rendered were to be paid for or whether they were rendered on an agreement not to charge for them.  Defendant's own instructions placed the case before the jury in a very fair and full manner and with unusual particularity.  On examination of the whole record in the case we can say that it rarely happens that a case involving so comparatively small an amount has been so carefully and well tried and briefed on each side.  Considering the instructions as a whole the issues were fairly, fully and clearly presented to the jury.  There was evidence sustaining the theories of the respective parties.  The weight to be given to the testimony and the right to draw proper conclusions therefrom were for the jury, who as to those were the sole judges and their finding, confirmed by the learned trial judge, is conclusive on us.

It is complained in the brief of the very able counsel for the defendant that the suit was prematurely brought; that the testimony showed that the adjustment of whatever remained over from the rent of 1906 was to be taken up in 1907 and settled for at the end of the term of the lease for 1907.  It is sufficient to say of this, that if a defense relied upon, it is one which should have been pleaded.  It was not pleaded by the answer or otherwise and cannot now be noticed.

The point made that it was error to fail to require plaintiffs to elect is not well taken, even if we grant that proper exception was made to the action of the court in overruling the motion.  The action of appellant in answering over and going to trial upon the merits of the case amounted to an abandonment of that motion.  This has so often been decided by our Supreme and appellate courts that it seems hardly necessary to notice it.  See for last decisions of Supreme Court, Hof

v. St. Louis Transit Co., 213 Mo. 445, l. c. 466, 111 S. W. 1166; of this court, and Barrie v. United Railways Co., 138 Mo. App. 557, 119 S. W. 1020.

The judgment of the circuit court is affirmed. All concur.

